LAW OFFICES OF RONALD DeSIMONE
A Professional Corporation
By:  Ronald DeSimone, Esquire – 029891984
P.O. Box 8379
Turnersville, New Jersey 08012
(856) 667-7600
Attorneys for Plaintiff

<u>UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)</u>

| | |
|---|---|
| Plaintiff | : |
| | : |
| Z.H., an adult individual with disabilities;   and | :  CIVIL ACTION NO. |
| WILLIAM HOWARD and LISA HOWARD, his parents | : |
| | : |
| vs. | : |
| | : |
| Defendant | :   COMPLAINT |
| | : |
| CINNAMINSON TOWNSHIP BOARD OF EDUCATION, | : |
| and Y.A.L.E. SCHOOL NJ, j/s/a | : |

Z.H., William Howard and Lisa Howard, through his attorney, Ronald DeSimone,

Esquire of the Law Offices of Ronald DeSimone, P.C., by way of Complaint for Due Process

Hearing, breach of contract, good faith and fair dealings under contract and unjust

enrichment against the Cinnaminson Township Board of Education and Y.A.L.E. School NJ,

says that:

<u>JURISDICTION AND VENUE</u>

The District Courts of the United States shall have jurisdiction of actions brought under this section 20 U.S.C.S. § 1415 (2) without regard to the amount in controversy as a de novo review of the decision by the Office of Administrative Law for due process being brought within ninety (90) days of the decision.

Venue over this action is appropriate in this matter pursuant to 28 U.S.C. Section 1391(a)(1), in the District of New Jersey in the defendants all have their principal place of business located in Cherry Hill, Camden County and Cinnaminson, Burlington County.

This controversy also deals with a federal question for the violation of education of individuals with disabilities under 20 U.S.C. Sections 1400-1500.

<u>PARTIES</u>

1.      The plaintiff, Z.H. resides at 2308 Riverton Road, Cinnaminson, New Jersey and is currently 18 years of age.

2.      The plaintiff's William Howard and Lisa Howard, parents of plaintiff, Z.H. reside at 2308 Riverton Road, Cinnaminson, New Jersey.

3.      The respondent, Cinnaminson Township Board of Education is located at 2195 Riverton Road, Cinnaminson, New Jersey by and through its superintendent, Stephen M. Cappello, J.D.

4.      The plaintiff had attended the second respondent, Y.A.L.E. School NJ's Cherry Hill campus located at 2127 Church Road in the Township of Cherry Hill, County of Camden, State of New Jersey grades 9 through 12 per a contract through a unilateral placement.

5.     Under a prior due process Complaint filed, this unilateral placement by plaintiff's parents was paid by plaintiff's parents then reimbursed by defendant, Cinnaminson Township Board of Education, under an agreement that had a clause within that agreement that ceases their obligation to the plaintiff as of June 30, 2021, when the plaintiff was anticipated to graduate from defendant, The YALE School.

<u>FIRST COUNT</u>
<u>DE NOVO REVIEW</u>

6.     Due to the COVID-19 pandemic and the state of emergency issued by Governor Murphy to shut down the state and the Yale School, the plaintiff did not receive a free and appropriate public education as it was impossible for his IEP's beginning March 17, 2020 through June 22, 2021 to be fully implemented for those two (2) school years during the settlement agreement.

7.     This prompted the plaintiff to file for due process against the defendant. Cinnaminson School District and The YALE School.

8.     The Office of Administrative Law heard a motion to dismiss filed by the respondent, Cinnaminson Board of Education that they fulfilled their agreement to the plaintiff and that the plaintiff was not entitled to due process.  The OAL Court granted the motion. Please see the ruling attached as Exhibit "A".

9.     The plaintiff now comes before this Court for a de novo review of that decision, as well as breach of contract claims against defendant, Cinnaminson Board of Education, as well as setting aside the agreement with defendant, Cinnaminson School District due to a substantial change in circumstance causing the plaintiff to be denied FAPE & IDEA as a result of the COVID-19 pandemic.

10.     The plaintiff further seeks breach of contract claims against the defendant, The YALE School for failing to honor their contract with the plaintiff, as third party beneficiary, and plaintiff's parents, by failing to fully implement the plaintiff's IEP from March, 2020 through June of 2021.

11.     The plaintiff, Z.H.'s IEP for the 2019/2020 school year at The YALE School, representing plaintiff's junior year, was performed solely through Google Classroom from the period of March 17, 2020 through June 22, 2020.  The 2019/2020 IEP is attached hereto and made a part hereof as Exhibit "B".

12.     The plaintiff, Z.H., who suffers from Asperger's and is otherwise disabled, became overwhelmed with anxiety and depression as a result of having no structured programing during that period between March 17, 2020 and June 22, 2020.  This was a result of the plaintiff having to teach himself the curriculum that was presented to him for that period of time where he had no teacher feedback, nor did he have any aides nor any other student interaction.  Assignments had no due dates, which created anxiety, frustration and depression causing the plaintiff, Z.H. to confine himself to his room, talking to himself and obsess over his classes.

13.     This resulted because the plaintiff, Z.H. was unable to prioritize his assignments that were being provided on Google Classroom, due to lack of teacher and aid contact.  During this period, the plaintiff, Z.H. did not hand in any assignments for his critical thinking for the 21st century, which he otherwise failed, but was given a "D" to complete the class.  Plaintiff never completed his driver's education class, nor was he ever tested to receive his driver's permit.

14.     As a result, the plaintiff, Z.H.  suffered from anxiety and frustration causing him to have a need for counseling sessions which were performed through the Yale School every other week.  These sessions got more intense as his emotional state got worse.

15.     During that period of March 17, 2020 through June 22, 2020, the critical components of plaintiff, Z.H.'s IEP (a) through (l), a majority of which were not addressed due to the emergent shutdowns by the State of New Jersey.  See Exhibit "B", pages 3-1 through 3-5.

16.     The critical components of the IEP not adhered to consist of, but are not limited to, there being no contact with students, no contact with teachers, access to a limited reading program, no behavioral learning, no social skills training, no community-based instruction, no mobility instruction, no feedback from the child study team, no teaching of health and wellness and no overnight camping trips or situational learning in the actual environment.

17. This occurred even though the plaintiffs, William Howard & Lisa Howard continued to pay the full tuition per month, which was reimbursed per the agreement all but $1,000.00 per month not to exceed $10,000.00.

18.     These deficits in the implementation of the plaintiff, Z.H.'s IEP continued into extended year which were guided by the 2020/2021 IEP, a copy of which is attached hereto and made a part hereof as Exhibit "C".

19.     This occurred even though the plaintiffs, William Howard & Lisa Howard continued to pay the full tuition for the extended year, which was fully reimbursed per the agreement with defendant, Cinnaminson Board of Education.

20.     During the extended year program of July 6, 2020 through August 14, 2020, the IEP due to the COVID-19 pandemic and the continued state of emergency was not implemented fully.  The plaintiff's classes were all performed at home and online during this period of time.  The critical components of the IEP were not addressed at all by defendant, The Yale School during the extended year program.  This was the time that plaintiff, Z.H. would usually receive these critical components, which consist of but are not limited to, social skills training, mobility training, community-based instruction, health and wellness, transitional programs, as well as vocational program training.

21.     As a direct result of the pandemic and shutdowns within the State of New Jersey, the plaintiff, Z.H. did not receive social skills training, community-based instruction, transitional program training, mobility program training, vocational program training, health and wellness training, student-to-student contact, contact with non-disabled peers or situational environmental learning.  The plaintiff, Z.H. with his classmates and teacher did not go to a mall, a department store, a grocery store, or were taught how to shop, pay and how to ask for help.  There were no swimming classes, there were no life skills classes, visual arts classes, gym, or woodshop classes.  During this period of time, the plaintiff, Z.H. only received core subjects through online learning.  He did not receive the extracurriculars to promote his social skills, an area which he critically requires.  This lack of socialization with peers, both who are disabled, and non-disabled individuals and the critical aspects of his IEP have not prepared him for a post high school environment.  This uncertainty has caused plaintiff, Z.H. anxiety, depression, and frustration. See Exhibit "C", pages 3-1 through 3-5.

22.     The plaintiff, Z.H. continued with remote learning at home during his senior year beginning September 8, 2020 through September 25, 2020.  During this period, defendant, The Yale School implemented more structure within the academic learning, which still caused plaintiff to struggle initially due to lack of in person contact with teachers, aids, and students.

23.     During this time of plaintiff, Z.H.'s senior year, the critical components of the IEP were not addressed by defendant, The Yale School.  Under the critical aspects of the plaintiff, Z.H.'s IEP, the plaintiff was to receive social skills training, mobility training, community-based instruction, health and wellness training, transitional program training, as well as vocational program training.

24.     As a direct result of the pandemic and shutdowns within the State of New Jersey, the plaintiff, Z.H. did not receive social skills training, community-based instruction, transitional program training, mobility program training, vocational program training, health and wellness training, student-to-student contact, contact with non-disabled peers or situational environmental learning.  The plaintiff, Z.H. with his classmates and teacher did not go to a mall, a department store, a grocery store, or were taught how to shop, pay and how to ask for help.  There were no swimming classes, there were no life skills classes, visual arts classes, gym, or woodshop classes.  During this period of time, the plaintiff only received core subjects through online learning.  He did not receive the extracurriculars to promote his social skills, an area which he critically requires.  This lack of socialization with peers, both who are disabled, and non-disabled individuals and the critical aspects of his IEP have not prepared him for a post high school environment.  This uncertainty has caused plaintiff anxiety, depression, and frustration. See Exhibit "C", pages 3-1 through 3-5.

25.     On September 29, 2020, the plaintiff, Z.H. returned to a hybrid of in person learning at defendant, The Yale School.  The plaintiff was at the facility Monday, Tuesday, Thursday and Friday for reduced hours between 8:30 am to 12:30 pm a total of four (4) hours from the normal five and a half (5.5) hour day.  On Wednesdays, the plaintiff and students returned to remote learning at home.

26.     The classroom was nothing that the plaintiff, Z.H. had ever experienced, as he sat within his homeroom, did not transition to other classrooms, sat behind a plastic shield with a mask and headphones, was taught on his computer at his desk by other teachers who were teaching from their homerooms within defendant, The Yale School, Cherry Hill Campus.  Plaintiff's homeroom teacher was present, but teaching his classes remotely and there were two (2) aides within the room.

27.     This experience did not promote the plaintiff, Z.H. to be able to ask questions of the teacher; teachers did not utilize visual examples. Although they described how they got to the answer, it created confusion, frustration, anxiety, and depression for the plaintiff, Z.H.

28.     Due to a COVID case being present within the school, plaintiff, Z.H. along with all students and staff returned to remote learning at home from November 2, 2020 to November 11, 2020 for the hours of 8:30 am to 2:00 pm.  From November 12, 2020 through November 24, 2020, the plaintiff, Z.H., students, and staff returned to the hybrid in person learning schedule.

29.     After Thanksgiving break, the plaintiff, Z.H., students, and staff returned to a home remote learning schedule through the Christmas break until January 15, 2021.  On

January 18, 2021, through January 22, 2021, the plaintiff, Z.H., students, and staff returned to the hybrid in person learning schedule.

30.     Due to a COVID case, the plaintiff, Z.H., students, and staff returned to an in-home remote learning schedule from January 25, 2021, through February 26, 2021.  From March 1, 2021, to the end of the school year on June 18, 2021, the plaintiff, Z.H., students, and staff returned to the hybrid in school learning schedule.

31.     During the remainder of plaintiff, Z.H.'s senior year, the critical components of the IEP were not addressed by defendant, The Yale School.  Under the critical aspects of the plaintiff's IEP, the plaintiff, Z.H. was to receive, but not limited thereto, social skills training, mobility training, community-based instruction, health and wellness training, transitional program training, as well as vocational program training.

32.     As a direct result of the COVID-19 pandemic and shutdowns within the State of New Jersey, and the plaintiff, Z.H.'s schedule being inconsistent, the plaintiff, Z.H. had difficulties adjusting as well as not receiving critical components of his IEP, which consist of but are not limited to, social skills training, community-based instruction, transitional program training, mobility program training, vocational program training, health and wellness training, nor student-to-student contact, contact with non-disabled peers and situational environmental learning.  The plaintiff, Z.H. with his classmates and teacher did not go to a mall, a department store, a grocery store, restaurant or were taught how to shop, pay and how to ask for help.  There were no swimming classes, there were no life skills classes, visual arts classes, gym, or woodshop classes.  During the school year 2020-2021, the plaintiff only received core subjects through online learning.  He did not receive the extracurriculars to promote his social skills, an area which he critically requires.  This

lack of socialization with peers, both who are disabled, and non-disabled individuals and the critical aspects of his IEP have not prepared him for a post high school environment. This uncertainty has caused plaintiff anxiety, depression, and frustration. See Exhibit "C", pages 3-1 through 3-5.

33.     This occurred, even though the plaintiffs, William Howard & Lisa Howard continued to pay the full tuition per month, which was reimbursed per the agreement all but $1,000.00 per month not to exceed $10,000.00.

34.     Plaintiff, Z.H.'s IEP was further not implemented due to the New Jersey state of emergency not limited to the following: the need for consistent and comprehensive behavioral interventions; school wide progress monitoring and positive behavioral support; not provided with direct instruction to strengthen executive function abilities, such as focus, problem solving and will power self-control; was not provided with opportunities for learning with non-disabled peers; and not provided with help to understand the academic and social structure of the upcoming activities and situations; he did not have frequent contact with school staff to foster positive relationships and consistency within the academic and behavioral strategies across the environments; not provided with small group social skills situations; not provided with life skill instructions well as numerous opportunities to practice; could not participate in school based activities with peers such as school newspaper, chess or other activities other than D & D club, which was performed remotely; could not participate in outside sponsored events by the school that promote social engagement with peers such as dances, robotic tournaments, special Olympics or interscholastic sports; did not receive community based instruction, nor provided with instruction to develop a transitional program to aid him in the transition

from high school;  nor was there any monitoring of his progress for that personalized transition back to his home district; never was provided with any type of criteria based decision making with reference to objective academic, social and behavior date when providing collaborative input for a student deemed ready to return to district; nor was there any monitoring of his outcome to provide tangible post-graduation plans for all senior graduates; nor was he provided with direct instruction and guidance to prepare him for adult responsibilities such as housing, transportation, personal finance and independent living; nor was he provided with staff trained transition for special education to ensure skilled assessment and planning; never received mobility program training; never taught safe pedestrian skills in a community setting, reinforce mobility safety habits, build visual awareness and access to use directions in transportation options; never completed driver's education; never received much needed vocational program training; never received education in exploring jobs and careers, job shadowing, career choices, development of soft employment skills, resume writing, participating in job and career fairs, work readiness by providing paid jobs with defendant, The Yale School; never provided with resources to support hands on pre-vocational training in a variety of career clusters such as TV studio, editing suites, robotics, pre-vocational training to help plaintiff determine interests and aptitudes, project based learning to strengthen problem solving, hands on instruction and experience with work-related digital media and technology, hands on instruction and experience with internet and multi-media and adaptive technology; no training in health and wellness programs which offers opportunities to participate on sports teams, special Olympics, swimming instruction, interscholastic sports, nursing instruction on guidance on relevant issues such as sleep, nutrition and exercise and

fitness options including yoga, visual rowing, climbing walls, individualized fitness programs and encourage exercise.

35.     Due to the impact of COVID-19 has had upon the plaintiff, Z.H., the failure to fully execute his IEP, including the lack of critical component training, the plaintiff, Z.H. did not receive his diploma at graduation as he is not and cannot be self-supporting and self-sufficient.

36.     The plaintiff, Z.H. has requested relief from his district, the respondent, Cinnaminson Township Board of Education, who has refused to provide any relief to the plaintiff, Z.H. as they believe that their obligation to the plaintiff, Z.H. ceases on June 30, 2021, even though the COVID-19 pandemic was a substantial change in circumstance that caused him not to receive the benefits of his IEP from March of 2020 through June 31, 2021.

37.     The plaintiff, Z.H. sought a due process hearing to receive the education benefits that he is entitled, but did not receive, even though full payment was made to the defendant, The Yale School. The matter was never heard but dismissed per a motion to dismiss filed by the defendant, Cinnaminson Board of Education.  See the decision attached as Exhibit "A".

38..     The plaintiff seeks de novo review with additional testimony to determine whether the COVID -19 Governmental shutdowns created a substantial change of circumstances as to negate the agreements termination of benefits to the plaintiff as of June 30, 2021 and to provide that which was not provide to the plaintiff during the pandemic.

WHEREFORE, plaintiff seeks the following:

1.   De novo review of the decision attached as Exhibit "A";

2. To dispute graduation scheduled for June 16, 2021 and implement "Stay Put" so that he can continue with his education at defendant, The Yale School, beginning with the extended year that will begin on or about July 5th, 2021 and to continue until a decision is made through this Due Process Hearing;

3. To extend the agreement that was struck with the respondent under Agency Reference Number 2017-26286 & OAL Docket Number EDS 09035-2017 S as it divorces the plaintiff from the district after June 30, 2021 so that the district does not have to provide a free and appropriate public education after that date, even though plaintiff is in need of those benefits.  See Exhibit "E";

4. To remain at defendant, The Yale School for as long is necessary for him to receive a free and appropriate public education not to exceed his 21st birthday so as to fully implement his IEP for what was lost as a result of the COVID-19 restrictions and governmental shut downs from state of emergency, by entering into the Scholars Program, which includes the attendance of 1-2 college base course per semester at community college and standard 9, 21st century life and career training, to be paid by the respondent, Cinnaminson Township Board of Education, who has been the recipient of federal funding from the Cares Act to combat learning loss due to the pandemic. See the 2021-2022 IEP of the plaintiff attached hereto and made apart hereof as Exhibit "D";

5. To reimburse the plaintiff's William Howard and Lisa Howard all monies that they expended to continue the education of Plaintiff, Z.H. from June 30, 2021 until current; and

6.   For attorney's fees and cost and any other relief that the Court deems just and

equitable.

SECOND COUNT<br>BREACH OF CONTRACT

PLAINTIFF Z.H., WILLIAM HOWARD and LISA HOWARD V. CINNAMINSON BOARD OF
EDUCATION

39.    The plaintiffs repeat each and every paragraph 1 through 38 as if they were

set forth at length herein.

40.    When the parties entered into the agreement under Agency Reference

Number 2017-26286 & OAL Docket Number EDS 09035-2017 S , the COVID-19 pandemic

was never contemplated, nor did the agreement have a forced majeure clause.   See Exhibit

"E".

41.    The COVID-19 pandemic caused the government to shut down making it

impossible for the plaintiff, Z.H. to receive the critical components of his IEP from March

2020 to June 30, 2021.

42.    This event of catastrophic proportion made it impossible for the plaintiff to

receive the benefit of the bargain under the agreement, as he did not receive the critical

components of his IEP from March 2020 through June 30, 2021.

43.    The governmental shutdowns caused a substantial change in circumstances

to have occurred, which adversely affected the plaintiff, Z.H. by not allowing plaintiff, Z.H. to

receive FAPE and/or IDEA as per his IEP's from March 2020 through June 30, 2021.

44.    This substantial change of circumstance entitles the plaintiff, Z.H. to modify

the agreement that was in place to ensure that the plaintiff receives FAPE and/or IDEA and

the benefit, which the plaintiff's bargained with the defendant, Cinnaminson Board of

Education.

WHEREFORE, plaintiff seeks the following:

1.  De novo review of the decision attached as Exhibit "A";

2.  To dispute graduation scheduled for June 16, 2021 and implement "Stay Put" so that he can continue with his education at defendant, The Yale School, beginning with the extended year that will begin on or about July 5th, 2021 and to continue until a decision is made through this Due Process Hearing;

3.  To extend the agreement that was struck with the respondent under Agency Reference Number 2017-26286 & OAL Docket Number EDS 09035-2017 S as it divorces the plaintiff from the district after June 30, 2021 so that the district does not have to provide a free and appropriate public education after that date, due to a substantial change of circumstances to ensure that the plaintiff receives FAPE and/or IDEA and the benefit, which the plaintiff's bargained with the defendant, Cinnaminson Board of Education.  See Exhibit "E";

4.  To remain at defendant, The Yale School for as long is necessary for him to receive a free and appropriate public education not to exceed his 21st birthday so as to fully implement his IEP for what was lost as a result of the COVID-19 restrictions and governmental shut downs from state of emergency, by entering into the 2021 ESY program, from July 6, 2021 through August, 2021, then into the Scholars Program beginning in September 2021, which includes the attendance of 1-2 college base course per semester at community college and standard 9, 21st century life and career training, to be paid by the respondent, Cinnaminson Township Board of Education, who has been the recipient of federal funding from the Cares Act to combat learning loss due to the pandemic,

per the agreement, which was in place. See the 2021-2022 IEP of the plaintiff attached hereto and made apart hereof as Exhibit "D";

5.  To modify the agreement due to the substantial change of circumstances to ensure that the plaintiff receives the benefit of the bargain of the agreement.

6.  To reimburse the plaintiff's William Howard and Lisa Howard all monies that they expended to continue the education of Plaintiff, Z.H. From June 2021 until current;

7.  To award plaintiffs compensatory, consequential and actual damages against the defendants for their breach of contract, convenient of good faith and fair dealing under contract and unjust enrichment; and

8.  For attorney's fees and cost and any other relief that the court deems just and equitable.

<u>THIRD COUNT</u>
<u>BREACH OF THE IMPLIED CONVENIENT OF GOOD FAITH AND FAIR DEALIGS UNDER CONTRACT</u>
<u>PLAINTIFF Z.H., WILLIAM HOWARD and LISA HOWARD V. CINNAMINSON BOARD OF EDUCATION</u>

45.    The plaintiffs repeat each and every paragraph 1 through 44. as if they were set forth at length herein.

46.    The plaintiffs did not receive the benefit of the bargain per the agreement as a result of the plaintiff, Z.H. not receiving the critical components of his IEP, to the COVID-19 pandemic.

47.    The defendant, Cinnaminson Board of Education did receive federal monies from the CARES ACT to fund education of students, who sustained a loss due to the pandemic.

48.     As a result of a substantial change of circumstance due to the pandemic, plaintiff, Z.H. did not receive FAPE  and/or IDEA and the benefit, which the plaintiff's bargained with the defendant, Cinnaminson Board of Education.

49.     The defendant, Cinnaminson Board of Education refuses to provide additional learning that is much need to the plaintiff, Z.H., which was lost due to the pandemic, even though they accepted federal funding.

50.     The defendant, Cinnaminson Board of Education, beach good faith and fair dealings under contract.

WHEREFORE, plaintiff seeks the following:

1.  De novo review of the decision attached as Exhibit "A";

2.  To dispute graduation scheduled for June 16, 2021 and implement "Stay Put" so that he can continue with his education at defendant, The Yale School, beginning with the extended year that will begin on or about July 5th , 2021 and to continue until a decision is made through this Due Process Hearing;

3.  To extend the agreement that was struck with the respondent under Agency Reference Number 2017-26286 & OAL Docket Number EDS 09035-2017 S as it divorces the plaintiff from the district after June 30, 2021 so that the district does not have to provide a free and appropriate public education after that date, due to a substantial change of circumstances to ensure that the plaintiff receives FAPE  and/or IDEA and the benefit, which the plaintiff's bargained with the defendant, Cinnaminson Board of Education.  See Exhibit "E";

4.  To remain at defendant, The Yale School for as long is necessary for him to receive a free and appropriate public education not to exceed his 21st birthday

so as to fully implement his IEP for what was lost as a result of the COVID-19 restrictions and governmental shut downs from state of emergency, by entering into the 2021 ESY program, from July 6, 2021 through August, 2021, then into the Scholars Program beginning in September 2021, which includes the attendance of 1-2 college base course per semester at community college and standard 9, 21st century life and career training, to be paid by the respondent, Cinnaminson Township Board of Education, who has been the recipient of federal funding from the Cares Act to combat learning loss due to the pandemic, per the agreement, which was in place. See the 2021-2022 IEP of the plaintiff attached hereto and made apart hereof as Exhibit "D";

5.  To modify the agreement due to the substantial change of circumstances to ensure that the plaintiff receives the benefit of the bargain of the agreement;

6.  To reimburse the plaintiff's William Howard and Lisa Howard all monies that they expended to continue the education of Plaintiff, Z.H. From June 2021 until current;

7.  To award plaintiffs compensatory, consequential and actual damages against the defendants for their breach of contract, convenient of good faith and fair dealing under contract and unjust enrichment; and

8.  For attorney's fees and cost and any other relief that the court deems just and equitable.

FOURTH COUNT
UNJUST ENRICHMENT
PLAINTIFF Z.H., WILLIAM HOWARD and LISA HOWARD V. CINNAMINSON BOARD OF
EDUCATION

51.  The plaintiffs repeat each and every paragraph 1 through 50 as if they were set forth at length herein.

52.  The defendant, Cinnaminson Board of Education did receive federal monies from the CARES ACT to fund education of students, who sustained a loss due to the pandemic, such as plaintiff, Z.H.

53.  The plaintiff, Z.H. never received the benefit from the CARES ACT, for whom it was intended, through the defendant, Cinnaminson Board of Education.

54.  The plaintiffs are forced to pay for educational services to make up what was lost due to the pandemic, to their determent.

WHEREFORE, plaintiff seeks the following:

1.  De novo review of the decision attached as Exhibit "A";

2  To dispute graduation scheduled for June 16, 2021 and implement "Stay Put" so that he can continue with his education at defendant, The Yale School, beginning with the extended year that will begin on or about July 5th, 2021 and to continue until a decision is made through this Due Process Hearing;

3.  To extend the agreement that was struck with the respondent under Agency Reference Number 2017-26286 & OAL Docket Number EDS 09035-2017 S as it divorces the plaintiff from the district after June 30, 2021 so that the district does not have to provide a free and appropriate public education after that date, due to a substantial change of circumstances to ensure that the plaintiff receives

FAPE and/or IDEA and the benefit, which the plaintiff's bargained with the defendant, Cinnaminson Board of Education.  See Exhibit "E";

4. To remain at defendant, The Yale School for as long is necessary for him to receive a free and appropriate public education not to exceed his 21st birthday so as to fully implement his IEP for what was lost as a result of the COVID-19 restrictions and governmental shut downs from state of emergency, by entering into the 2021 ESY program, from July 6, 2021 through August, 2021, then into the Scholars Program beginning in September 2021, which includes the attendance of 1-2 college base course per semester at community college and standard 9, 21st century life and career training, to be paid by the respondent, Cinnaminson Township Board of Education, who has been the recipient of federal funding from the Cares Act to combat learning loss due to the pandemic, per the agreement, which was in place. See the 2021-2022 IEP of the plaintiff attached hereto and made apart hereof as Exhibit "D";

5. To modify the agreement due to the substantial change of circumstances to ensure that the plaintiff receives the benefit of the bargain of the agreement;

6. To reimburse the plaintiff's William Howard and Lisa Howard all monies that they expended to continue the education of Plaintiff, Z.H. From June 2021 until current;

7. To award contractual, actual, and consequential damages to the plaintiffs from the defendants; and

8. For attorney's fees and cost and any other relief that the court deems just and equitable.

<u>FIFTH COUNT</u>
<u>BREACH OF CONTRACT</u>
<u>PLAINTIFF Z.H., WILLIAM HOWARD and LISA HOWARD V. THE YALE SCHOOL</u>

55.     The plaintiffs repeat each and every paragraph 1 through 54 as if they were set forth at length herein.

56.     The defendant, The YALE School entered into contracts with plaintiffs, William Howard & Lisa Howard where they agreed to provide educational services described in the plaintiff's Z.H.'s individualized education program for the school years 2019-2020 &  2020-2021.  These IEP's are attached here to as Exhibits " B" & "C"   The defendant, The YALE School, who is an approved private school represented that they have the staff and services to implement the IEP and agrees to provide the educational services described in Plaintiff, Z.H.'s individualized education program in accordance with the private school's ordinary and customary program of education and New Jersey state laws, rules and regulations governing private schools for pupils requiring special education. The contracts are attached hereto as exhibits "F" &  "G".

57.     The defendant, The YALE School breached the contracts for the these two years representing the plaintiff, Z.H.'s junior and senior years by not fully implementing plaintiffs, Z.H.'s IEP's for those years, when it failed to implement the critical components of his IEP from March 2022 through June 30, 2021.

58.     Although, the defendants, The YALE School breached their obligation to provide that which was in the IEPs from March 2020 through June 30, 2021, the plaintiffs, William Howard & Lisa Howard paid them in full per the contract terms that are attached as Exhibits " F" & "G".

WHEREFORE, plaintiff seeks the following:

1. De novo review of the decision attached as Exhibit "A";

2. To dispute graduation scheduled for June 16, 2021 and implement "Stay Put" so that he can continue with his education at defendant, The Yale School, beginning with the extended year that will begin on or about July 5th, 2021 and to continue until a decision is made through this Due Process Hearing;

3. To extend the agreement that was struck with the respondent under Agency Reference Number 2017-26286 & OAL Docket Number EDS 09035-2017 S as it divorces the plaintiff from the district after June 30, 2021 so that the district does not have to provide a free and appropriate public education after that date, due to a substantial change of circumstances to ensure that the plaintiff receives FAPE  and/or IDEA and the benefit, which the plaintiff's bargained with the defendant, Cinnaminson Board of Education.  See Exhibit "E";

4. To remain at defendant, The Yale School for as long is necessary for him to receive a free and appropriate public education not to exceed his 21st birthday so as to fully implement his IEP for what was lost as a result of the COVID-19 restrictions and governmental shut downs from state of emergency, by entering into the 2021 ESY program, from July 6, 2021 through August, 2021, then into the Scholars Program beginning in September 2021, which includes the attendance of 1-2 college base course per semester at community college and standard 9, 21st century life and career training, to be paid by the respondent, Cinnaminson Township Board of Education, who has been the recipient of federal funding from the Cares Act to combat learning loss due to the pandemic,

per the agreement, which was in place. See the 2021-2022 IEP of the plaintiff attached hereto and made apart hereof as Exhibit "D";

5. To modify the agreement due to the substantial change of circumstances to ensure that the plaintiff receives the benefit of the bargain of the agreement.

6. To reimburse the plaintiff's William Howard and Lisa Howard all monies that they expended to continue the education of Plaintiff, Z.H. From June 2021 until current;

7. To award plaintiffs compensatory, consequential and actual damages against the defendants for their breach of contract, convenient of good faith and fair dealing under contract and unjust enrichment; and

8. For attorney's fees and cost and any other relief that the court deems just and equitable.

<u>SIXTH COUNT</u>
<u>BREACH OF THE IMPLIED CONVENIENT OF GOOD FAITH AND FAIR DEALIGS UNDER CONTRACT</u>
<u>PLAINTIFF Z.H., WILLIAM HOWARD and LISA HOWARD V. THE YALE SCHOOL</u>

59.    The plaintiffs repeat each and every paragraph 1 through 58. as if they were set forth at length herein.

60.    The plaintiffs did not receive the benefit of the bargain per the contracts attached as exhibits "F" & "G" as a result of the plaintiff, Z.H. not receiving the critical components of his IEP from March 2020 through June 30, 2021.

61.    The defendant, The YALE School breached the contracts for the these two years representing the plaintiff, Z.H.'s junior and senior years by not fully implementing plaintiffs, Z.H.'s IEP's for those years, when it failed to implement the critical components of his IEP from March 2022 through June 30, 2021.

62.     Although, the defendants, The YALE School breached their obligation to provide that which was in the IEPs from March 2020 through June 30, 2021, the plaintiffs, William Howard & Lisa Howard paid them in full per the contract terms that are attached as Exhibits "F" & "G".

63.     The defendant, The YALE School, fail to even offer to provide the plaintiffs with the lost services to teach the critical components of the plaintiff's, Z.H.'s IEPs from March 2020 through June 30, 2021 when they became available to do so, when the governmental shut downs were lifted at no additional charge.

64,     The defendant, The YALE School, breach the convenient of good faith deals under contract.

WHEREFORE, plaintiff seeks the following:

1. De novo review of the decision attached as Exhibit "A";

2. To dispute graduation scheduled for June 16, 2021 and implement "Stay Put" so that he can continue with his education at defendant, The Yale School, beginning with the extended year that will begin on or about July 5th, 2021 and to continue until a decision is made through this Due Process Hearing;

3. To extend the agreement that was struck with the respondent under Agency Reference Number 2017-26286 & OAL Docket Number EDS 09035-2017 S as it divorces the plaintiff from the district after June 30, 2021 so that the district does not have to provide a free and appropriate public education after that date, due to a substantial change of circumstances to ensure that the plaintiff receives FAPE  and/or IDEA and the benefit, which the plaintiff's bargained with the defendant, Cinnaminson Board of Education.  See Exhibit "E";

4. To remain at defendant, The Yale School for as long is necessary for him to receive a free and appropriate public education not to exceed his 21st birthday so as to fully implement his IEP for what was lost as a result of the COVID-19 restrictions and governmental shut downs from state of emergency, by entering into the 2021 ESY program, from July 6, 2021 through August, 2021, then into the Scholars Program beginning in September 2021, which includes the attendance of 1-2 college base course per semester at community college and standard 9, 21st century life and career training, to be paid by the respondent, Cinnaminson Township Board of Education, who has been the recipient of federal funding from the Cares Act to combat learning loss due to the pandemic, per the agreement, which was in place. See the 2021-2022 IEP of the plaintiff attached hereto and made apart hereof as Exhibit "D";

5. To modify the agreement due to the substantial change of circumstances to ensure that the plaintiff receives the benefit of the bargain of the agreement.

6. To reimburse the plaintiff's William Howard and Lisa Howard all monies that they expended to continue the education of Plaintiff, Z.H. From June 2021 until current;

7. To award plaintiffs compensatory, consequential and actual damages against the defendants for their breach of contract, convenient of good faith and fair dealing under contract and unjust enrichment; and

8. For attorney's fees and cost and any other relief that the court deems just and equitable.

SEVENTH COUNT
UNJUST ENRICHMENT
PLAINTIFF Z.H., WILLIAM HOWARD and LISA HOWARD V. THE YALE SCHOOL

65.     The plaintiffs repeat each and every paragraph 1 through 64 as if they were set forth at length herein.

66.     The defendant, The YALE School entered into contracts with plaintiffs, William Howard & Lisa Howard where they agreed to provide educational services described in the plaintiff's Z.H.'s individualized education program for the school years 2019-2020 &  2020-2021.  These IEP's are attached here to as Exhibits "B" & "C".   The defendant, The YALE School, who is an approved private school represented that they have the staff and services to implement the IEP and agrees to provide the educational services described in Plaintiff, Z.H.'s individualized education program in accordance with the private school's ordinary and customary program of education and New Jersey state laws, rules and regulations governing private schools for pupils requiring special education. The contracts are attached hereto as Exhibits "F" &  "G".

67.     The defendant, The YALE School breached the contracts for the these two years representing the plaintiff, Z.H.'s junior and senior years by not fully implementing plaintiffs, Z.H.'s IEP's for those years, when it failed to implement the critical components of his IEP from March 2022 through June 30, 2021.

68.     Although, the defendants, The YALE School breached their obligation to provide that which was in the IEPs from March 2020 through June 30, 2021, the plaintiffs, William Howard & Lisa Howard paid them in full per the contract terms that are attached as Exhibits "F" & "G".

69.    The plaintiff, Z.H. did not receive the benefits of the contracts attached hereto as Exhibit "F" & G", even though the defendant was fully compensated under the terms of those contracts.

WHEREFORE, plaintiff seeks the following:

1. De novo review of the decision attached as Exhibit "A";

2. To dispute graduation scheduled for June 16, 2021 and implement "Stay Put" so that he can continue with his education at defendant, The Yale School, beginning with the extended year that will begin on or about July 5th , 2021 and to continue until a decision is made through this Due Process Hearing;

3. To extend the agreement that was struck with the respondent under Agency Reference Number 2017-26286 & OAL Docket Number EDS 09035-2017 S as it divorces the plaintiff from the district after June 30, 2021 so that the district does not have to provide a free and appropriate public education after that date, due to a substantial change of circumstances to ensure that the plaintiff receives FAPE  and/or IDEA and the benefit, which the plaintiff's bargained with the defendant, Cinnaminson Board of Education.  See Exhibit "E";

4. To remain at defendant, The Yale School for as long is necessary for him to receive a free and appropriate public education not to exceed his 21st birthday so as to fully implement his IEP for what was lost as a result of the COVID-19 restrictions and governmental shut downs from state of emergency, by entering into the 2021 ESY program, from July 6, 2021 through August, 2021, then into the Scholars Program beginning in September 2021, which includes the attendance of 1-2 college base course per semester at community college and

standard 9, 21st century life and career training, to be paid by the respondent, Cinnaminson Township Board of Education, who has been the recipient of federal funding from the Cares Act to combat learning loss due to the pandemic, per the agreement, which was in place. See the 2021-2022 IEP of the plaintiff attached hereto and made apart hereof as Exhibit "D";

5. To modify the agreement due to the substantial change of circumstances to ensure that the plaintiff receives the benefit of the bargain of the agreement.

6. To reimburse the plaintiff's William Howard and Lisa Howard all monies that they expended to continue the education of Plaintiff, Z.H. From June 2021 until current;

7. To award plaintiffs compensatory, consequential and actual damages against the defendants for their breach of contract, convenient of good faith and fair dealing under contract and unjust enrichment; and

8. For attorney's fees and cost and any other relief that the court deems just and equitable.

LAW OFFICES OF RONALD DeSIMONE, P.C.

Attorneys for Plaintiff

Dated:  March 25, 2022                    By:____/s/ Ronald DeSimone_____
                                          **RONALD DeSIMONE**
                                          For the Firm