**EXHIBIT "F"**

**Y.A.L.E. SCHOOL, INC.**
**10-A Jennings Road**
**Medford, NJ 08055**

AGREEMENT dated this **8th** day of **July, 2019**, between **William Howard and Lisa DeSimone-Howard** ("PARENT(S)") parent(s) and legally authorized representatives of **Zachary Howard** and **Y.A.L.E. SCHOOL, INC.**, an approved private school for students with disabilities (County, District & School Code **08 8322 001**) in the County of **CAMDEN** in the State of New Jersey (hereinafter referred to as the "APPROVED PRIVATE SCHOOL").

## WITNESSETH

NOW, THEREFORE, in consideration of the covenants herein contained, the parties agree as follows:

1. **Educational Services.** PARENT agrees to contract for the educational services described in the PUPIL's individualized education program for **ZACHARY HOWARD** the child of PARENT(S) ("PUPIL"). This is attached hereto as Exhibit "IEP". The APPROVED PRIVATE SCHOOL represents that it has the staff and services to implement the IEP and agrees to provide the educational services described in the pupil's individualized education program in accordance with the PRIVATE SCHOOL's ordinary and customary program of education and New Jersey state laws, rules and regulations governing private schools for PUPILs requiring special education.

2. **Term of Agreement.** The term of this Agreement shall be in effect for the **2019 – 2020** School Year. The educational services shall commence on **JULY 8, 2019** and end on or about **June 19, 2020** ("Term"), therefore; the total number of billable days will be **210,** unless it is sooner terminated as provided below. The Term may be extended by the mutual agreement of the PARENTS and PRIVATE SCHOOL for the **2019-2020** School Year, unless it is sooner terminated as provided below.

3. If applicable, under the New Jersey Special Education Medicaid Initiative (SEMI) Program, the SENDING DISTRICT shall bill Medicaid for the related services that the APPROVED PRIVATE SCHOOL provides to pupils pursuant to this AGREEMENT and in accordance with each pupil's individualized education program. The SENDING DISTRICT and APPROVED PRIVATE SCHOOL agree to comply with all the requirements promulgated by the Commissioner of Education and the State Board of Education, as applicable.

4. **Tuition and Payment Terms.** Tuition charges shall be **$65,404.50** per 2019-2020 School year plus any charges for "Extraordinary Services" (as defined below), for the Term.

    A. The per diem rate was determined by dividing the tuition rate for the Term of **$65,404.50** by the estimated number of days school will be in session of **210** not less than 180 days (July through June), resulting in a per diem rate of **$311.45** (rounding to the nearest two decimal places).

    B. **Extraordinary Services** – If the PUPIL requires any additional services beyond that which is contemplated hereunder in accordance with the PUPIL's IEP, the PRIVATE SCHOOL shall advise the PARENTS of such requirements in advance of the provision of such additional services. Such additional services, if desired by the PARENTS, shall be paid for by the PARENTS prior to the provision by the PRIVATE SCHOOL of such additional services.

    C. **Payment Options** – Tuition payments are due by the first day of each month prior to the services being rendered and initial payment must be made prior to student starting at YALE. If PARENTS fail to pay tuition by the fifteenth (15th) day during the month of services rendered, at the discretion of the PRIVATE SCHOOL, they may be charged interest by the PRIVATE

SCHOOL calculated at the rate of one (1) percent per month on the unpaid balance. The PARENTS shall both be responsible to pay the tuition here under and therefore should be jointly and severally responsible for this. Failure to adhere to this payment schedule will result in written notice to the PARENTS regarding the withdrawal of the PUPIL from Y.A.L.E. School.

5. **Tuition Voucher.** The APPROVED PRIVATE SCHOOL agrees to provide the PARENTS with a monthly tuition bill and such other reasonable payment-related information as requested by PARENTS.

6. The APPROVED PRIVATE SCHOOL agrees to cooperate with the PARENTS and the home public school Committee on Special Education in sharing information about the student if the PARENTS so consent. If the PARENTS exercise their right to due process and seek reimbursement or prospective payment of tuition to the APPROVED PRIVATE SCHOOL from their home public school district the APPROVED PRIVATE SCHOOL agrees to provide all documentation and testimony requested from the PARENTS. Such testimony may be delivered via telephone.

7. The APPROVED PRIVATE SCHOOL shall provide the PARENTS with progress reports as to the student's IEP goals and shall provide Report Cards at least quarterly.

8. **Termination.** The Term or the Extended Term may be terminated by the APPROVED PRIVATE SCHOOL for any of the following reasons.

    A. Any material breach by the PARENTS/PUPIL of this Agreement, and/or the rules of the PRIVATE SCHOOL, with ten (10) days notice to cure; more than two (2) such material breaches shall create an automatic termination with no ability to cure;

    B. Any condition, disease, and/or illness of PUPIL which creates the potential for endangering the health and/or welfare of the other PRIVATE SCHOOL pupils and/or the PRIVATE SCHOOL staff;

    C. Threatening and/or violent behavior of PUPIL which results in the mental and/or physical injury of any other PRIVATE SCHOOL pupil and/or any of the PRIVATE SCHOOL staff;

    D. Any failure to abide by any applicable federal and New Jersey state laws, rules and regulations governing private schools for PUPIL's requiring special education, including but not limited to, N.J.A.C. 6A.

    E. In addition to paragraph 3.C., at the discretion of the PRIVATE SCHOOL, any failure to pay tuition when due.

    F. Any failure to abide by the PRIVATE SCHOOL's admittance and disclosure procedures.

9. **Interpretation.** This Agreement shall be interpreted in accordance with the laws of New Jersey. It shall constitute the entire agreement between the parties, and may only be changed by a signed writing executed by the parties. It shall inure to the benefit of and be binding upon Approved Private School, its successors and assigns. It shall supersede anything to the contrary between the Approved Private School and the Parents, written or oral.

10. **Arbitration.** Any controversy or claim arising out of or in connection with this Agreement shall be resolved by arbitration by the American Arbitration Association ("AAA") in Camden County, New Jersey, in accordance with the then-prevailing and applicable AAA Arbitration Rules, and judgment on any award granted by the arbitrator may be entered in any court having competent jurisdiction thereon. The parties agree that any such arbitration shall be held within thirty (30) days of first

submitting the demand for arbitration, and unless all parties agree otherwise, the arbitration hearing shall not exceed one (1) day.

11. **Invalid Provisions and Assignment.** The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions hereof, and the Agreement shall be construed in all respects as though such invalid or unenforceable provisions were omitted.

12. **Approval/Compliance in New Jersey Only.** In the event the approved status of the PRIVATE SCHOOL is discontinued by the New Jersey Department of Education this Agreement shall be terminated. This shall not relieve the PARENTS from responsibility for tuition payments for the days the PUPIL is enrolled. PRIVATE SCHOOL is not approved in any other state. PRIVATE SCHOOL agrees to operate in accordance with applicable federal and New Jersey state laws, and rules and regulations. PRIVATE SCHOOL will take no responsibility for compliance with any laws, rules, regulations in any other states.

13. **No Assignment.** PRIVATE SCHOOL agrees not to assign the services to be provided under this contract or any portion thereof to any other entity.

14. **No Representations and/or Warranties.** While PRIVATE SCHOOL will provide the educational services in accordance with paragraph 1, PRIVATE SCHOOL makes no representations and/or warranties, express and/or implied, with regard to its services.

15. **Nondiscriminatory Policy.** The APPROVED PRIVATE SCHOOL agrees as follows:

    A. The APPROVED PRIVATE SCHOOL, where applicable, will not discriminate against any pupil because of disability, age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation or sex. The APPROVED PRIVATE SCHOOL will take affirmative action to ensure that pupils are treated fairly, without regard to their disability, age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation or sex.

    B. The APPROVED PRIVATE SCHOOL, where applicable will, in all solicitations or advertisements for employees placed by or on behalf of the APPROVED PRIVATE SCHOOL, state that all qualified applicants will receive consideration for employment without regard to age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation or sex;

    C. The APPROVED PRIVATE SCHOOL, where applicable, agrees to comply with any regulations promulgated by the Treasurer pursuant to N.J.S.A. 10:5-31 et seq. as amended and supplemented from time to time and the Americans with Disabilities Act;

    D. The APPROVED PRIVATE SCHOOL agrees to make good efforts to employ minority and female workers consistent with the applicable county employment goals established in accordance with N.J.A.C. 17:27-5.2, or a binding determination of the applicable county employment goals determined by the Division, pursuant to N.J.A.C. 17:27-5.2;

    E. The APPROVED PRIVATE SCHOOL agrees to inform in writing its appropriate recruitment agencies including, but not limited to, employment agencies, placement bureaus, colleges, universities, labor unions, that it does not discriminate on the basis of age, creed, color, national origin, ancestry, marital status, affectional or sexual orientation or sex, and that it will discontinue the use of any recruitment agency which engages in direct or indirect discriminatory practices;

- 4 -

F. The APPROVED PRIVATE SCHOOL agrees to revise any of its testing procedures, if necessary, to assure that all personnel testing conforms with the principles of job-related testing, as established by the statutes and court decisions of the State of New Jersey and as established by applicable Federal law and applicable Federal court decisions;

G. In conforming with the applicable employment goals, The APPROVED PRIVATE SCHOOL agrees to review all procedures relating to transfer, upgrading, downgrading and layoff to ensure that all such actions are taken without regard to age, creed, color, national origin, ancestry, marital status, affectional or sexual orientation or sex, consistent with the statutes and court decisions of the State of New Jersey, and applicable Federal law and applicable Federal court decisions;

H. The APPROVED PRIVATE SCHOOL shall furnish such reports or other documents to the Division of Contract Compliance and EEO Office as may be requested by the office from time to time in order to carry out the purposes of these regulations, and public agencies shall furnish such information as may be requested by the Division of Contract Compliance and EEO Office for conducting a compliance investigation pursuant to Subchapter 10 of the Administrative Code at N.J.A.C. 17:27.

IN WITNESS WHEREOF, the parties have caused this AGREEMENT to be duly executed as of this 8th day of **July, 2019**

_____
Director, Approved Private School

_____
Parent

_____
Parent